# John Ray JELINEK *v.* STATE of Arkansas

CR 77-77                        556 S.W. 2d 426

Opinion delivered October 3, 1977
(Division I)
[Rehearing denied November 7, 1977.]

*V. Benton Rollins,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. John Ray Jelinek was convicted of burglary and theft in the Ouachita County Circuit Court and sentenced to a total of four years in the Arkansas penitentiary. Only one issue is raised on appeal and it has merit. The trial court should have granted a motion to suppress certain evidence.

Jelinek was suspected of burglarizing the Retreat Supper Club near Camden, Arkansas. Part of the stolen goods was a goldfish bowl full of loose change. Two deputy sheriffs went to his home at about nine o'clock one morning and asked him to come to the sheriff's office. Jelinek would not go in the police vehicle but instead chose to drive his own vehicle. One of the deputies rode with him. The deputy testified that he observed some loose change and a screwdriver in the car. Jelinek parked and locked his car and was taken into the sheriff's office where he was questioned most of the day. During his interrogation but before his formal arrest, and without his consent, one of the deputies took the keys to Jelinek's vehi-

cle and opened the car and removed the screwdriver. The officer stated that during Jelinek's interrogation he had learned from another police officer that a similar tool had been used in another burglary. The officer admitted that Jelinek was not under formal arrest, nor did he have Jelinek's consent to search the car. The record does not contain any facts which would be interpreted as warranting an immediate seizure of the property.

The detailed description of the screwdriver, including its color, certain markings and size, was a material fact in an affidavit presented to a court issuing a search warrant of Jelinek's residence. The searched produced certain incriminating items, including a fish bowl full of change. The screwdriver's seizure was constitutionally unreasonable. It was not taken with Jelinek's consent. It was not taken contemporaneous with his arrest. It was not taken when it was in the plain view of the deputy sheriff at the time he was in the car. See *Cox* v. *State,* 254 Ark. 1, 491 S.W. 2d 802 (1973) There were no exigent circumstances, in the record, which would justify the seizure of the screwdriver.

The officer used poor judgment in seizing the screwdriver. Since the detailed description of the screwdriver, including its 3/4 inch width, may have been a determining factor in issuance of the search warrant, all the articles seized pursuant to the warrant cannot be legally used against Jelinek.

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.